United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 30, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHEPHERD-HULDY DEVELOPMENT I, LLC, | § | **CASE NO.: 24-32146** |
| | § | |
| | § | **CHAPTER 11** |
| DEBTOR. | § | |

**AGREED ORDER ON GREENBERG'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY**

Upon hearing on the Emergency Motion for Relief from the Automatic Stay (the "Motion for Relief") [Dkt. No. 15] filed by Greenberg Finance ("Greenberg Finance"), Greenberg Finance and Debtor Shepherd-Huldy Development I, LLC ("Debtor") have reached an agreement provided for below. IT IS HEREBY ORDERED THAT:

1.    Greenberg Finance's Motion for Relief is GRANTED IN PART AND DENIED IN PART as further provided below.

2.    Debtor agrees that, within one-hundred and twenty (120) days of entry of this Order, Debtor shall pay off its debt to Greenberg Finance, in full and without set-off or counter-claim and free from any deduction or withholding whatsoever all amounts due under the real estate lien and security interest under a deed of trust granted by the Debtor in certain real property (the "Property"), being more particularly described in the Deed of Trust dated May 14, 2019 (the "Deed of Trust") and the Promissory Note (the "Note"), as amended, reinstated, and/or modified, in the original principal amount of $805,867.34, with a maturity date of June 1, 2022. Debtor agrees that such payoff will include all interest, penalties, late fees, and charges, including but not limited to attorney's fees incurred by Greenberg Finance, incurred through the date of the payoff as further provided in the Note and Deed of Trust. Debtor agrees that all past due principal and interest shall

continue to bear interest until paid at the rate of eighteen percent (18.0%) per annum or the maximum rate of nonusurious interest allowed by law, or at the maximum rate set forth in the applicable contract or loan documents, as of the date hereof. In the event that upon the one-hundred and twentieth (120th) day set forth herein, the real estate at issue in the deed of trust is under a verifiable arm's length contract for sale with a non-insider of the Debtor in an amount equal to or greater than what would be required to pay off Greenberg Finance in full but has not yet closed, then the Debtor's deadline to make the pay-off contemplated in this paragraph shall be extended a maximum of an additional thirty (30) days contingent upon Debtor continuing to satisfy the other requirements in this Agreed Order, including but not limited to payment of the Adequate Protection Payment.  Greenberg Finance will provide reasonable cooperation to effectuate closing any sale that results in payment in full of all amounts due to Greenberg Finance, including resolving any *lis pendens* that have been filed on the Property.

3.      Debtor acknowledges that the balance shown on the Account Statement attached as Exhibit 1 hereto is true and accurate in all respects, including all interest and expenses reflected thereon, as of September 20, 2024.

4.      The Parties agree that, in exchange for Greenberg Finance agreeing to this Order, Debtor is required to continue to make adequate protection payments under section 11 U.S.C. § 361 during the pendency of the continuance and any subsequent continuance of the hearing on the Motion for Relief in the amount of $17,500.00 per month (the "Adequate Protection Payment"). Such amount must be sent by wire to the bank account for Greenberg Finance, whose wiring instructions the Parties agree have been provided to Debtor prior to the entry of this Order, or by certified check delivered to Greenberg Finance's Attorney's Office.  Such payments shall be made no later than the seventh (7th) business day of the month in which such payment is required by 5:00

p.m. on such date, Such payments will be credited and applied as applicable to the amounts due to Greenberg Finance, including principal and interest accruing.

5.      Should Greenberg Finance fail to (a) either receive from Debtor the amounts owed in full within one-hundred and twenty (120) days of this Order as provided in Paragraph 2 or (b) fail receive any Adequate Protection Payment from the Debtor by the deadline required under this Order, then Greenberg Finance may immediately declare Debtor in default of this Order (the "Event of Default") without necessity of further order of this Court.  Delivery of notice of such declaration by Greenberg Finance to Debtor shall be a courtesy only and shall not be required under this Order.  Delivery of such notice shall not violate the automatic stay under 11 U.S.C. § 362(a) (the "Automatic Stay")

6.      Upon the occurrence of an Event of Default:

a.      The Automatic Stay is hereby terminated, effective immediately and on a final basis, as to the Property and all other collateral of Greenberg Finance under the Note, Deed of Trust and other loan documents, as those terms are defined in the Motion for Relief;

b.      Greenberg Finance is hereby authorized to immediately take all actions necessary to post the Property for foreclosure sale.

c.      Greenberg Finance is hereby authorized to foreclose on the Property at any time on or after the date of this Order and to exercise all other rights and remedies available under the Note, Deed of Trust, and other loan documents or applicable law;

d.      Greenberg Finance is hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

e.       Debtor and each of its insiders and/or affiliates (as such terms are defined in 11 U.S.C. § 101)—including without limitation Ali Choudhri ("Mr. Choudhri")—are hereby prohibited from interfering or attempting to interfere in any way with Greenberg Finance's foreclosure on the Property or with any other exercise of Greenberg Finance's rights and remedies under the Loan Documents or applicable law; and

f.       Unless and until Greenberg Finance forecloses on the Property or the Loan has otherwise been satisfied in full, such that the Property no longer secures any debts owed by Debtor to Greenberg Finance, the Automatic Stay shall be of no force or effect as to the Property in this bankruptcy case or in any other cases or proceedings subsequently commenced under the Bankruptcy Code.

7.       Debtor and each of its insiders and/or affiliates (as such terms are defined in 11 U.S.C. § 101)—including without limitation Ali Choudhri—are hereby prohibited from seeking an order enjoining the foreclosure from any state or federal court other than this Court at any time during the pendency of this action.

8.       During the pendency of this action, Debtor is hereby prohibited from transferring the Property (or any portion thereof) absent further order of this Court or express written consent from Greenberg Finance

9.       The terms of this Order shall be effective and enforceable immediately upon entry, notwithstanding Bankruptcy Rule 4001(a)(3) or any similar provisions of the Bankruptcy Code or Bankruptcy Rules.  By their signature of counsel below, the parties affirmatively waive any stay pending appeal.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

11.     Nothing herein shall require Greenberg Finance to take and/or refrain from taking any action in this bankruptcy except as expressly provided for herein, including but not limited to (a) waiving any rights that Greenberg Finance may have regarding the Note, the Deed of Trust, or the Property, as those terms are defined in the Motion for Relief; (c) waiving any and all rights that Greenberg Finance may have to seek to dismiss this action or convert this action to a matter under Chapter 7 of the Bankruptcy Code; or (d) seeking higher adequate protection payments in the future. Nothing herein shall prohibit Debtor from seeking further relief from the Court, nor shall anything herein act as a waiver of any of Debtor's rights except as set forth herein.

12.     Debtor agrees that it will not seek to dismiss this matter without consent of Greenberg Finance until Greenberg Finance has been paid in full.  Should Debtor seek to dismiss this matter at any time, Debtor shall be barred and enjoined from filing a Petition for Bankruptcy in any United States Bankruptcy Court for a period of one hundred eighty (180) days following dismissal of this matter.

13.     Debtor's compliance with the terms of this Order, upon payment of all amounts due hereunder, shall constitute a full and final satisfaction of all obligations of the Debtor and its owners and insiders to Greenberg Finance related to the Property, the Deed of Trust, and the Note.

14.     By their signature below, counsel warrant that they have discussed this matter with their client(s) and that they agree to entry of this Order in full and as submitted.  Debtor's counsel affirms that he has discussed this matter with Mr. Choudhri, Debtor's principal, who agrees to the entry of this Order in full and as submitted.  Debtor and Mr. Choudhri affirm that this Order was not entered under duress or undue influence and that they have had the opportunity to consult with an attorney prior to agreeing to this Order.

Signed: September 30, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

AGREED TO AS TO FORM AND SUBSTANCE:

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By: _____

Kevin M. Madden
State Bar No. 24041376
16310 State Highway 249, Unit 1304
Houston, Texas 77064
Phone: 281-888-9681
Fax:    832-538-0937
        Email : kmm@kmaddenlaw.com

***ATTORNEY FOR DEBTOR***

and

By: /S/ Iain L. C. Kennedy
_____

        Iain L. C. Kennedy
        Texas Bar No. 24068094
        ikennedy@nathansommers.com
        2800 Post Oak Blvd., 61st Floor
        Houston, Texas 77056
        Telephone: (713) 960-0303
        Facsimile: (713) 892-4800

**Counsel for Creditor Greenberg Finance, LLC**